IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:24-cv-01047-SKC-SBP

JOEL BAKER,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 28)**

Now before the Court is the Recommendation (Dkt. 28) of Magistrate Judge Susan Prose, which addresses three Letters sent by Plaintiff Joel Baker, which the Clerk of Court has docketed. Dkts. 11, 16, 24. Plaintiff is an incarcerated person representing himself. Judge Prose construed each of his Letters liberally as motions (1) seeking leave to amend his complaint, (2) requesting an American Sign Language interpreter for his case, (3) asking the Court to mail items not only to him but also to his parents, and (4) generally seeking legal advice. *See* Dkt. 28; *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a *pro se* litigant's pleadings must be construed liberally). The Recommendation suggests this Court deny each of the Letters without prejudice. Dkt. 28, p.4.

1

This action involves Plaintiff's claims alleging violations of the Rehabilitation Act by Defendant Federal Bureau of Prisons for not providing Plaintiff with adequate means to communicate with his parents and friends. *See generally* Dkt. 1. Plaintiff is hard of hearing, and his parents are deaf. As shared below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS the Recommendation. The Recommendation is incorporated herein.

**FINDINGS AND ORDERS**

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to it for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. The docket entry accompanying the Recommendation directed the Clerk of Court to mail the Recommendation to Plaintiff at his then-new address at the Washington County Justice Center. Dkt. ECF 28.

On July 23, 2024, this Court, on its own accord, extended the deadline for Plaintiff to file an objection to the Recommendation to August 6, 2024, because several pieces of mail sent to him before July 23 had been returned as undeliverable and the Clerk's Office had mistakenly mailed the Recommendation to the wrong address. Dkt. 32. In its July 23 Order extending the deadline, the Court reminded Plaintiff that it's "his obligation to file a notice with the Court, in writing, of any change in address in the future." *Id.* After mailing the July 23 Order, however, it too

was returned as undeliverable. Ultimately, it is Plaintiff's responsibility to update the Court promptly of any change to his contact information. *See* D.C.COLO.LCivR 5.1(c) ("Notice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change.").

No party filed objections to the Recommendation. As a result, they have waived *de novo* review by this Court. *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985). When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

The Recommendation is thorough and contains no clear error on the face of the record. In it, Judge Prose construes the letter at Dkt. 11 as a motion to amend the complaint, and she recommends it be denied without prejudice to refiling and attaching a proposed amended complaint that includes the claim(s) that Plaintiff

3

wishes to add and identifies the defendant(s) and the nature of the claims. She construes the letter at Dkt. 16 as a second motion to amend the complaint and a motion requesting an ASL interpreter for proceedings in this case; she recommends it be denied for the same reasons as the first letter, and she provided Plaintiff with information on how to request a sign language interpreter for these court proceedings. Finally, Judge Prose construed the third letter at Dkt. 24 as another motion to amend the complaint and one raising ancillary issues regarding sending mail to his parents and requesting legal advice. She recommended this letter also be denied without prejudice for the same reasons as the other two.

This Court has reviewed the Recommendation and the entire record in this case and finds the Recommendation is well-reasoned and a correct application of the facts and the law to the circumstances presented. Finding "no clear error on the face of the record," this Court AFFIRMS and ADOPTS the Recommendation, and DENIES each of the Letters without prejudice.

The Court further reminds Plaintiff it is his responsibility to keep the Court updated with his correct contact information. *See* D.C.COLO.LCivR 5.1(c). **The Court further advises Plaintiff that any future failure by him to keep his contact information updated with the Court may result in the Court dismissing this lawsuit for failure to prosecute or for failure to comply with Court orders and applicable rules.** *See, e.g.,* Fed. R. Civ. P. 41(b), 16(f), 37(b)(2)(A); *see also* D.C.COLO.LCivR 41.1.

4

**The Court also advises Plaintiff that the proper method to request relief from the Court is to file a "motion" that specifies what it is Plaintiff is asking the Court to do. Letters are not motions and the Court may summarily strike any future letters from Plaintiff *except* for letters updating the Court with his contact information**. If Plaintiff would like to seek action and/or relief from the Court, he must do so by filing a motion requesting action or relief in accordance with the Federal Rules of Civil Procedure, the Local Rules of Practice, and the undersigned's Practice Standards and Standing Order for Civil Cases.

The Court FURTHER ORDERS the Clerk of Court to mail this Order, along with a print-out of the current docket, Defendant's Motion to Dismiss (Dkt. 34), and Defendant's Status Report (Dkt. 38) to Plaintiff, to both the last address received from Plaintiff (Joel Luther Baker, #547680, Washington County Justice Center, 26861 U.S. Highway 34, Akron, CO 80720) and the address that Defendant believes may be his current address (Joel Luther Baker, No. 172234, Limon Correctional Facility, 49030 State Highway 71 South, Limon, CO 80826). *See* Dkt. 38, p.2.

DATED: August 16, 2024.

BY THE COURT:

_____
S. Kato Crews
United States District Judge